## WEBER v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department. November 12, 1897.)

INJURY TO PASSENGER—DEFECTIVE BRAKE.

A brake of a surface car had been out of order for more than a month, and the driver had notified the company several times. Through its defective condition, plaintiff, a passenger, rightfully riding on the platform, was injured. *Held*, that the company was liable.

Van Brunt, P. J., and Ingraham, J., dissenting.

Appeal from trial term.

Action by George Weber against the Metropolitan Street-Railway Company. From a judgment entered on a verdict, and from an order denying motion for new trial, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

John T. Little, Jr., for appellant.
Henry Schmidt, for respondent.

PATTERSON, J. The judgment in this case should be affirmed. The plaintiff was a passenger riding on the platform of the defendant's car, where he went by invitation of the conductor, and where he had a right to be. He did nothing to contribute to the accident which caused the injuries from which he suffered. That accident occurred by the collision of a horse car with a coal cart. The coal cart was standing on the sidewalk, the horse attached to it being partly on the sidewalk and partly in the street. There was a space of about four feet between the southerly rail of the track and the curbstone. When

the body of the car was within some nine or ten feet of the cart, the driver of the car saw the horse attached to the coal cart make a movement as if to bite at the car horse nearest him, the car itself being at that time about ten feet away from the head of the cart horse, but the car horses being near the cart horse. The movement of the cart horse caused the coal cart to begin to slip down. The car driver at once applied his brake, but it would not hold, and his car was projected with violence against the wheel of the cart. The plaintiff's hand was caught between the wheel and some part of the body of the car, and one of his fingers was torn off.

There does not seem to have been any negligence of the driver. He had room to pass had not the movement of the cart horse taken place; and he had no reason to anticipate that movement, or the descent of the coal cart. But there was evidence that the car could have been stopped, or its rate of speed diminished, had the braking apparatus been in proper order. The brake did not work. The evidence is uncontradicted that the car could have been stopped in eight or nine feet at the rate at which it was going at that time. The driver so testified, and he also testified that that very brake, on the same car, had on former occasions failed to respond when power was applied to it. On this occasion it did not stop the car, with the full force of the driver put upon it, until it had proceeded from 25 to 28 feet beyond the coal cart. The driver swore that the brake had been out of order for more than a month, and that he had no less than four times reported it to the starter. It appears in evidence that the starter was the proper person to whom to make reports. There is no evidence whatever to contradict that of the driver respecting the condition of the brake, and there was enough to go to the jury on that subject in support of the particular allegation of the complaint that the accident was caused by the use of a defective brake. There was a strong attack made at the trial on the credibility of this driver, the principal witness for the plaintiff, but the jury believed him. The other exceptions are not of sufficient importance to justify an interference with the verdict, nor was the amount of that verdict excessive.

The judgment and order appealed from should be affirmed, with costs.

RUMSEY and O'BRIEN, JJ., concur.

VAN BRUNT, P. J.  I dissent. There is no credible evidence that the car could have been stopped in time to avoid collision. The driver says the car could be stopped in four or five feet. This is, upon its face, untrue. Going at the usual rate, it takes but half a second to go five feet (Fenton v. Railroad Co., 126 N. Y. 625, 26 N. E. 967), a time not only manifestly insufficient to stop the car, but even to set the brake.

INGRAHAM, J., concurs.